FILED
SUPERIOR COURT
OF GUAM

2014 MAR 29 PM 4: 07

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,          )
                             )    **CRIMINAL CASE NO. CM0480-13**
              vs.            )
                             )    **DECISION AND ORDER**
JOHNNY KELEUB,               )
                             )
              Defendant.     )
                             )
                             )
_____)

### INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant's motion for civil compromise, filed January 16, 2014. Having considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order.

### BACKGROUND

On May 23, 2013, the Government filed a complaint to charge Defendant with (1) Criminal Mischief, as a Misdemeanor; (2) Driving While Under the Influence of Alcohol, as a Misdemeanor; (3) Violation of Court Order, as a Misdemeanor; and (4) Harassment, as a Petty Misdemeanor.

On January 16, 2014, Defendant filed a motion for civil compromise arguing that the charges of Criminal Mischief, as a Misdemeanor, and Harrassment, as a Petty Misdmeanor, should be dismissed because Defendant and the victim reached a civil compromise pursuant to 8 GCA § 80.90. (Mot. Civil Compromise, 2, Jan. 16, 2014). In support of this contention, Defendant attached to the motion a declaration and a translated statement from the victim, whereby victim acknowledges that she received satisfaction for the injury and that she does not object to the dismissal of this case by way of civil compromise. (Decl. Victim, 1, Jan. 16, 2014).

On February 10, 2014, the Government filed an opposition. The Government argues that dismissal on the basis of a civil compromise would be appropriate if the victim received actual satisfaction for her injuries, but there is no indication of what she received as satisfaction

ORIGINAL

from Defendant. (Opp'n Mot., 2-3, Feb. 10, 2014). Absent actual receipt of satisfaction, the Government argues that the motion should be denied.

**DISCUSSION**

Under Guam law, Title 8 Section 80.90 of the Guam Code regulates motions for civil compromise. It provides as follows:

> § 80.90. Misdemeanors May be Compromised; Procedure.
> (a) When the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided by this Section.
> (b) If the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the criminal action dismissed.
> (c) A dismissal under this Section is a bar to another prosecution for the same offense.

8 GCA § 80.90 (2013).

Section 80.90 (b) states that if the injured person submits a declaration acknowledging that he received satisfaction for the injury, the court may, *on payment of the costs incurred,* order the criminal action dismissed. 8 GCA § 80.90 (b) (2013). Thus the Court has discretion to dismiss the criminal action only if Defendant has made payment to the victim of the costs incurred. *Id.*

In this case, the victim acknowledged through a declaration that she received satisfaction for her injuries. (Decl. Victim, 1, Jan. 16, 2014). However, in her statement that was attached to the motion, she states as follows: "since all the windows that he's been damaging was being fix by me, I pay what ever need to be fix and it's all done. [They] have been fix[ed]." (Victim's Statement, 1, Jan. 16, 2014). Her statement supports the conclusion that she was the one that fixed the windows at her residence and that Defendant did not make any payment of the costs incurred by the victim. Therefore, Defendant has not met the requirements for his Criminal Mischief and Harassment charges to be dismissed under 8 GCA § 80.90 (b).

This conclusion is supported by the legislative intent behind the statute. This section is based on former sections 1377 and 1378 of the California Penal Code, and therefore, California

Page 2 of 3

cases interpreting sections 1377 and 1378 are persuasive. *See Cruz v. Cruz*, 2005 Guam 3 ¶ 9. California courts interpreting former sections 1377 and 1378 of the California Penal Code have found that the legislative intent behind allowing civil compromise of criminal offenses is "to remove from criminal prosecution those offenses for which there is a civil remedy available; the rationale being that the public interest in those cases is best served by *requiring the accused to make restitution directly and immediately to the individual victim* instead of subjecting him to criminal sanctions for the welfare of society in general." *People v. Stephen*, 227 Cal. Rptr. 380, 388 (App. Dep't Super. Ct. 1986) (emphasis added). Because the Court is not presented with any evidence that Defendant made restitution directly and immediately to the victim, civil compromise is not appropriate in this case.

For these reasons, Defendant's motion for civil compromise is denied.

///

///

///

### CONCLUSION

Based upon the foregoing, the Defendant's motion for civil compromise is hereby DENIED.

SO ORDERED this _28TH_ day of March, 2014.

_____
**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:

AG
PD

Date: 3/28/14 Time: 4PM

Deputy Clerk, Superior Court of Guam

ORIGINAL